UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DRYWALL TAPERS AND POINTERS OF
GREATER NEW YORK LOCAL UNION
1974, AFFILIATED WITH
INTERNATIONAL UNION OF ALLIED
PAINTERS AND ALLIED TRADES, AFL-CIO,

                           Petitioner,                        21-CV-7543 (VSB)(SN)

          -against-                                      **ORDER**

TIGER CONTRACTING CORP. a/k/a
TIGER CONTRACTING CORPORATION,

                           Respondent.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      On September 9, 2021, Petitioner filed a petition to confirm an arbitration award. ECF No. 1. The petition seeks confirmation of an Award of the Joint Board of the Drywall Taping Industry. The Award found that Respondent violated the collective bargaining agreement ("CBA") by hiring two non-union labors and directed Respondent to pay $20,000 in fines for violating Article 1 and Article XIII Section 6 Violation 6 of the Collective Bargaining Agreement. Decl. of Lauren M. Kugielska, ECF No. 3, Ex. A (the "Award").

      A court's "review of an arbitration award under the LMRA is . . . 'very limited.'" Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n, 820 F.3d 527, 536 (2d Cir. 2016) (quoting Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001)). A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but inquire[s] only as to whether the arbitrator acted within the scope of his authority as defined by the collective

bargaining agreement." Id. The court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" Id. at 537 (quoting United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987)).

Article XIII Section 6 Violation 6 provides that a first offense for hiring a non-union laborer will result in a fine of $2,000 for each non-union laborer, plus $1,000 in liquidated damages; a second offense may result in a fine of $5,000 for each non-union laborer, plus $1,500 in liquidated damages. Decl. of Lauren M. Kugielska, ECF No. 3, Ex. B (the "CBA"). The Award does not suggest that the Respondent is a repeat offender. And regardless of whether Respondent is charged with a first or second offense, neither violation would result in a $20,000 fine.

Accordingly, the Court seeks further clarification whether the arbitrator was correctly construing or applying the CBA and acted within the scope of its authority when it ordered the Respondent to pay a $20,000 fine. Petitioner shall file a letter responding to this inquiry no later than October 14, 2022.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         October 7, 2022