**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: __ 10/28/2022 __     │
└─────────────────────────────────┘
```

**DRYWALL TAPERS AND POINTERS OF**
**GREATER NEW YORK LOCAL UNION 1974,**
**AFFILIATED WITH INTERNATIONAL**
**UNION OF ALLIED PAINTERS AND ALLIED**
**TRADES AFL-CIO,**

**21-CV-07543 (VSB)(SN)**

                              **Petitioner,**

                                                    **ORDER**

               **-against-**

**TIGER CONTRACTING CORP.,**

                              **Respondent.**
-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with

International Union of Painters and Allied Trades, AFL-CIO (the "Union") filed a petition

seeking confirmation of an arbitration award (the "Award") issued by the Joint Trade Board (the

"Joint Trade Board"). The Award found that Respondent employed two non-union labors in

violation of the collective bargaining agreement ("CBA"). The Award did not indicate that

Respondent was a repeat offender.

On October 7, 2022, the Court requested clarification of the basis for the Award's fine of

$20,000 because the CBA provides only for first offense fines of $2,000 and second offense

fines of $5,000. The Court undertook this inquiry to determine whether the arbitrator acted

within the scope of its authority when it ordered the Respondent to pay $20,000.

In response, Petitioner filed a Declaration of John Drew, the President of District Council

9, International Union of Painters and Allied Trades, of which the union is a member. Drew

reports that it is "the practice" of the Joint Trade Board to double the second offense fine for

third offenses. Drew Decl., ¶ 7. Drew does not provide any further evidence of this practice, including examples where this was done previously. He also does not cite to any authority in the CBA to allow this fine structure; the CBA does not address offenses for non-union laborers beyond a second offense. Instead, Drew attaches to his declaration a prior award against the Respondent, which held it liable for a first and second offense and fined Respondent $12,000 ($2,000 for a single laborer and $5,000 for each of two additional laborers).

This prior award establishes that Respondent may be a third offender. But it does not establish that the CBA authorizes the Joint Trade Board to double the second offense fine for a third offense, that this is "the practice" of the Joint Trade Board, or that Respondent received adequate notice that it may be subject to a $10,000 fine for each third offense violation.

Accordingly, Petitioner is again requested to explain the basis for this award, including how the arbitrator acted within its authority under the CBA. To the extent the Petitioner intends to argue that this award is consistent with "the practice" of the Joint Trade Board, it must provide legal authority for the proposition that the Joint Trade Board may act outside of the CBA and must establish as a matter of fact that this "practice" is customary such that a Respondent would be on notice of the penalty it faced. Petitioner shall file its response by November 4, 2022.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:        October 28, 2022
              New York, New York